**Fidelis OMEGBU and Walter Chesser, Plaintiffs–Appellants,**

v.

**John NORQUIST, et al., Defendants– Appellees.**

**No. 00–2111.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 12, 2001 *.

Decided Oct. 12, 2001.

Before Hon. COFFEY, Hon. KANNE, Hon. DIANE P. WOOD, Circuit Judges.

ORDER

Fidelis Omegbu and Walter Chesser filed a sprawling 51–page complaint against the named defendants, alleging violations of federal constitutional provisions, including the First, Fourth, Sixth, Thirteenth, and Fourteenth Amendments, federal statutory provisions, including 18 U.S.C. § 1962 (RICO), 20 U.S.C. § 1415 (IDEA), and 42 U.S.C. § 2000e (Title VII), and state law. The complaint is anything but a "short and plain" statement of the claims for relief, see Fed.R.Civ.P. 8(a), but we are able to discern a recurring theme— Omegbu and Chesser seek to challenge a Wisconsin law that permits the City of Milwaukee to create charter schools. After sifting through Omegbu and Chesser's complaint, the district court ultimately concluded that it failed to state a federal claim.

On appeal Omegbu and Chesser have filed separate briefs but neither offers a discernable basis for disturbing the district court's judgment. Their briefs, to say the least, are no more understandable than their complaint, with one exception. Omegbu argues that the defendants have violated a litany of constitutional and statutory provisions by refusing to pay him for masonry work his corporation performed at a local school in retaliation for filing this suit. We believe, however, that Omegbu has done nothing more than recast a routine contract dispute as a violation of federal law, which it is not. Omegbu and Chesser do not otherwise direct our attention to any error in the district court's judgment, and after reviewing the record and the briefs, we are of the opinion that the district court correctly dismissed their complaint. Accordingly, the judgment of the district court is AFFIRMED.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).